IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich, | No. CV-18-02766-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Navient Solutions Incorporated, et al., | |
| Defendants. | |

Pending before the Court are two motions to strike by Plaintiff Devin Andrich. (Doc. 100, "Mot. 1"; Doc. 114, "Mot. 2".) Defendants Navient Education Loan Corporation and Sallie Mae Bank timely filed a motion to dismiss Plaintiff's Second Amended Complaint supported by a memorandum of points and authorities on July 11, 2019. (Doc. 97, "MTD"; Doc. 98, "MTD Decl.".) Rather than respond in opposition, Plaintiff moved to strike Defendants' motion citing the alleged violation of local rules. (Mot. 1 at 2.) Defendants responded. (Doc. 109.) Once more, Plaintiff moved to strike. (Mot. 2 (moving to strike Defendants response).) The Court considers the above and denies both motions.

Federal Rule of Civil Procedure 12(f), under which Plaintiff moves, does not permit his request. Rule 12(f) permits a court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See* Fed. R. Civ. P. 12(f). Rule 7 defines "pleadings" generally as complaints and answers. *See* Fed. R. Civ. P. 7(a). Thus, "Rule 12(f) cannot serve as the procedural vehicle for striking language contained in motion papers." *Parker v. CMRE Financial Servs., Inc.*, 2007 WL 3276322, at *4 (S.D.

Cal. 2007) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to strike.")). Further, even assuming Plaintiff's motion was permissible, the Court finds striking Defendant's motion to dismiss improper and Plaintiff's arguments unavailing.[1] Setting aside Plaintiff's generally meritless arguments and his questionable conduct (outlined in Defendants' attached exhibits) towards Defendants' counsel, the Court will deny Mot. 1. Plaintiff's second motion to strike (Mot. 2), a duplicative attempt to strike Defendants' response to Mot. 1, will also be denied as moot.

Accordingly,

**IT IS ORDERED** DENYING Plaintiff's Motions to Strike Defendant Navient Education Loan Corporation's and Sallie May Bank's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum of Points and Authorities in Support Thereof. (Doc. 100.)

///
///
///
///

**IT IS FURTHER ORDERED** DENYING as moot Plaintiff's Motions to Strike Defendant Navient Education Loan Corporation's and Sallie May Bank's Opposition to

---

[1] The Court finds it unnecessary to individually address Plaintiff's allegations of procedural violations raised by Defendants motion. That said, Plaintiff's arguments fail substantively as well. First, and of primary concern to Plaintiff, Defendants conduct to "meet and confer" prior to filing their motion to dismiss comports with LRCiv. 12.1(c)'s requirements that allow a movant to "comply . . . through personal, telephonic, *or written notice* of the issues that it intends to assert in a motion." LRCiv. 12.1(c). Second, even assuming Plaintiff's motion was proper under Rule 12(f), Plaintiff's request falls outside Rule 12(f)'s ambit. Viewing Plaintiff's motion to strike in the light most favorable to Defendants, *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004), and recognizing such motions general disfavor, *Holyoak v. United States*, 2009 WL 1456742, at *1 (D. Ariz. May 21, 2009), the Court finds striking a motion to dismiss that directly bears on the subject matter of the litigation improper. *See Platte Anchor Bolt*, 352 F.Supp.2d at 1057 (determining that motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation").

Plaintiff's Motion to Strike and Memorandum of Points and Authorities in Support Thereof. (Doc. 114.)

Dated this 23rd day of March, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge