**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich,<br><br>Plaintiff,<br><br>v.<br><br>Navient Solutions Incorporated, et al.,<br><br>Defendants. | No. CV-18-02766-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration. (Doc. 127.) Plaintiff asks the Court to reconsider its order denying two motions to strike filed by Plaintiff. (Docs. 100, 114.) Considering the previous order, (Doc. 126), Plaintiff's prior motions, (Docs. 100, 114), Plaintiff's current arguments and his pro se status, the Court grants Plaintiff's motion for reconsideration for the reasons explained below. Reconsidering Plaintiff's motion to strike, (Doc. 100), in full, however, the Court reaches the same conclusion—Plaintiff motion remain denied.

**I.    BACKGROUND**

The Court previously denied Plaintiff's two motions to strike. (Docs. 100, 114.) The first of the two motions explicitly moved "pursuant to Federal Rule[] of Civil Procedure 12(f)," (Doc. 100 at 1), and requested the Court strike Defendants' motion to dismiss, (Doc. 97). Recognizing that Rule 12(f) does not provide grounds to strike language in a motion and only properly applies to pleadings, the Court denied Plaintiff's motion. (*See* Doc. 126 at 1-2 (agreeing that "Rule 12(f) permit cannot serve as the procedural vehicle for striking

language contained in motion papers.") (quoting *Parker v. CMRE Fin. Servs., Inc.* 2007 WL 3276322, at *4 (S.D. Cal. 2007) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Thus finding it unnecessary to address Plaintiff's allegations point-by-point, the Court nonetheless noted they "generally" lacked merit (as discussed in detail in this order),[1] specifically finding that Plaintiff's central argument—that Defendants failed to conduct a "meet and confer" in accordance with Local Rules prior to their filing a motion to dismiss—substantively failed. (*See* Doc. 126 at 2 n.2 (finding that Defendants written communications satisfied their LRCiv. 12.1(c)'s "meet and confer" requirements that allow a movant to "comply . . . through personal, telephonic, *or written notice* of the issues that it intents to assert in a motion").) The Court then denied Plaintiff's second motion to strike, an attempt to strike Defendants' response to Plaintiff's first motion, as moot. (Doc. 126 at 2-3.)

## II. LEGAL STANDARD

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A Court "will ordinarily deny a motion for reconsideration . . . absent a showing of some manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ. 7.2(g)(1). However, a motion for reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision is manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah*

---

[1] The Court also flagged Plaintiff's "questionable conduct" as concerning. (Doc. 126.) Specifically, the order referred to Plaintiff's comportment (or lack thereof) in discussions regarding Defendants' meet and confer duties pursuant to LRCiv 12(c). (*See* Doc. 98-1.) While neither party personified civility, the Court considered then, and maintains now, that Plaintiff's conduct was distinctly unhelpful to resolving the merits of his claims. (*See e.g.,* Doc. 98-1 at 2 ("When you decided to invade the Arizona legal community as our guest, you agree compliance with Local Rules. You simply struggle with that. . . . Apathy and entitlement will keep you in the associates rank forever . . ."); *id* at 4 ("The Court will not tolerate your conduct any further. You will need to be replaced for ongoing efforts to defy some rather straightforward procedural orders."); *id.* at 9 ("You seem more determined to run up your clients' legal fees paid to your firm."), To be clear, the Court did not "admonish" Plaintiff for identifying possible Local Rules violations but instead viewed Plaintiff's underlying conduct as concerning and found Plaintiff's substantive arguments generally lacking.

*Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should not be used to ask the court to "rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351. They "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000), or merely repeat arguments previously made in support of or in opposition to a prior motion. *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1673 (D. Haw. 1988).

**III.  DISCUSSION**

Plaintiff now urges the Court to reconsider his motions to strike, contending they are allowed by Local Rule 7.2(m). LRCiv 7.2(m) allows a motion to strike to be filed "only if it is authorized by statute or rule, such as Federal Rule of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m). Plaintiff cited to Local Rule 7.2(m) once in his motion, after identifying Rule 12(f) as his moving authority. The Court took Plaintiff at his word. Despite Plaintiff expressly bringing his motion pursuant to Rule 12(f),[2] (Doc. 100 at 1), and appreciating Plaintiff's pro-se status, the Court will assume Plaintiff intended to bring the motion to strike solely under Local Rule 7.2(m) and reconsider its prior order. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (construing pro se filings liberally).

In his first motion to strike, Plaintiff contends Defendants "intentionally violate[d] the following Local Rules and Court orders."[3] (Doc. 100 at 2.) The identified violations are

---

[2] While lobbing accusations of equal protection violations for the Court's analysis of Plaintiff's arguments and interpretation of its own Local Rules, Plaintiff, in his motion for reconsideration, does not explain why the motion to strike was made pursuant to Rule 12(f), contend that language was mistaken, or even acknowledge the core of the Court's analysis in denying his motions.

[3] Plaintiff cites "4-5" violations of Local Rules, listing the following: (1) LRCiv 7.2(e)(1); (2) LRCiv 12.1(c); (3) LRCiv 83.2(e); (4) Rule 42, Ariz. Sup. Ct. E.R. 3.3(a)(1); and, (5) LRCiv 83.1(b)(2).

discussed, in turn, below.

As a preliminary matter, the Court's analysis of Plaintiff's claims that Defendants failed to satisfy Local Rule 12.1(c)'s "meet and confer" requirements prior to filing their motion to dismiss, is unchanged.[4] (*See* Doc. 126 at 2 n.2.) Reviewing the parties' communications, it is clear Defendants' counsel (despite some unhelpful quibbling by both parties) attempted to conduct a telephonic meet and confer to satisfy Plaintiff's preference, (Doc. 98-1 at 6.). While no telephonic consult resulted, Defendants satisfied Local Rule 12.1(c)'s requirements by providing sufficient "written notice of the issues" they intended to assert. (*See* LRCiv 12.1(c); Doc. 98-1 at 10-11 (email explaining Defendants' position to Plaintiff)).[5]

In his motion to reconsider, Plaintiff emphasizes Defendants' alleged violation of LRCiv 7.2(e)(1). The rule states: "unless otherwise permitted by the court, a motion including its supporting memorandum, and response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." LRCiv 7.2(e)(1). "District Courts have broad discretion in interpreting and applying their local rules." *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) (internal quotation marks and citation omitted). As Plaintiff points out, Defendants motion to dismiss exceeded the page limitations allowed by LRCiv. 7.2(e).[6] The Court has discretion to accept the motion, despite it violating the local rules, and, given the *de minimis* nature of the violation[7] and drastic nature of striking the motion,

---

[4] Plaintiff seemingly agrees. Plaintiff's argument for reconsideration entirely drops the argument that Defendants' failed to satisfy their meet and confer requirements.
[5] Defendants' email identifies their main objections to Plaintiff's "Second Amended Complaint" and refers Plaintiff to previous filings that contain identical arguments to those Defendant intended to include in the forthcoming motion to dismiss. The Court finds this good faith conferral satisfactory.
[6] At twenty pages in length, Defendants' motion exceeds the page limit by three pages. (*See* Doc. 97.)
[7] Plaintiff's comparison to the Court's treatment of his attempted "Third Amended Complaint" is inapt. There, Plaintiff violated Federal Rule of Civil Procedure 15(a)(2) by failing to seek the Court's leave or obtaining Defendants' written consent prior to filing an amended complaint. (*See* Doc. 113); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1484 (3d ed.), at 601 (2019) ("if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect"). The form of his amendment also violated local rules. (*Id.*) Here, unlike Plaintiff's previous violation of Rule 15,

the Court exercises its discretion and accepts the motion in its entirety. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Defendants, however, are urged to comply with all Local Rules in future motions.

Plaintiff also contends that Defendants' counsel intentionally violated Local Rules 83.2(e) and 83.1(b)(2)[8] by presenting a "false statement of material" fact to the Court. (Doc. 100 at 16.) Specifically, Plaintiff takes issue with Defendants' legal argument that "NELC had no contractual obligation, to grant Plaintiff's deferment or forbearance, and thus Plaintiff's breach of contract claim should be dismissed", (Doc. 97 at 11-12), and points to additional language in one of Defendant's attached exhibits (Doc. 98-3, "Promissory Note"), that Plaintiff believes rebuts that claim. Plaintiff's argument does not convince. Defendants' position is a legal argument over the rights and duties under the Promissory Note. Plaintiff mistakes what may, at a later stage of proceedings, be properly characterized as a dispute of material fact for a false statement of fact or law. The Court finds no violation of the Local Rules, much less the commission of a "federal crime" here. (Doc. 100 at 17.)

Reconsidering Plaintiff's motion under LRCiv 7.2(m) changes the outcome none. The motion is denied. In reaching this conclusion, the Court considers only Plaintiff's motion to strike, (Doc. 100), and Defendants' motion to dismiss and attached exhibits, (Docs. 97, 98). Defendants response in opposition (Doc. 108), served and filed twenty-one days after Plaintiff's motion to strike, will be stricken as untimely.[9] *See* LRCiv 7.2(c) ("The opposing party shall, unless otherwise ordered by the Court . . . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum."). Thus, Plaintiff's second motion to strike, (Doc. 114), will be granted. Lastly, Plaintiff seeks clarity regarding this Court's minute order staying further briefing on Defendants' Motion to Dismiss. (*See* Doc. 115.) That order, and details on further

---

Defendants' page limit violation poses no risk of prejudice to Plaintiff and does not detract from judicial economy. Indeed, the Court would have granted a request for a page-limit extension from either party.

[8] Plaintiff also alleges a violation of Rule 42, Ariz. Sup. Ct. E.R. 3.3(a)(1), as incorporated through LRCiv 83.2(e).

[9] As the Court's analysis would be unchanged by consideration of Defendants' response, the issue is largely moot.

responsive briefing of Defendants' Motion to Dismiss, (Doc. 97), will be addressed in a forthcoming order ruling on Plaintiff's proposed "Fourth Amended Complaint." (Doc. 108.)

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** GRANTING Plaintiff's Motion for Reconsideration. (Doc. 127.)

**IT IS FURTHER ORDERED** DENYING Plaintiff's Motions to Strike Defendant Navient Education Loan Corporation's and Sallie May Bank's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum of Points and Authorities in Support Thereof. (Doc. 100.)

**IT IS FURTHER ORDERED** GRANTING Plaintiff's Motions to Strike Defendant Navient Education Loan Corporation's and Sallie May Bank's Opposition to Plaintiff's Motion to Strike and Memorandum of Points and Authorities in Support Thereof, (Doc. 114) and STRIKING Defendants Navient Education Loan Corporation's and Sallie Mae Bank's Opposition to Plaintiff's Motion to Strike and Memorandum of Points and Authorities in Opposition Thereof, (Doc. 109).

Dated this 30th day of March, 2020.

Honorable Susan M. Brnovich
United States District Judge